JOSEPH C. VAN BUSKIRK, PLAINTIFF IN ERROR, V. T. F. INDERMILL, DEFENDANT IN ERROR.

**Guaranty.** One M., desiring to purchase a bill of goods, procured and sent to one I. the following guarantee:

> "OXFORD, NEB., July 18, 1885.
> "*T. F. Indermill, St. Jo, Mo.:*
> "DEAR SIR—Please ship goods ordered by T. E. McLain; we will guarantee payment of first order upon receipt of goods.
> "Yours, etc.,
> "OXFORD BANK,
> "*Per M.*"

Relying on this guaranty, I. furnished goods to M., of the alleged value of $142, on which M. paid $60. In an action by I. against the guarantor to recover the balance, *Held*, That the guarantor was liable.

ERROR to the district court for Furnas county. Tried below before COCHRAN, J.

*John Dawson*, for plaintiff in error.

No appearance for defendant in error.

MAXWELL, J.

One T. E. McLain desired to purchase of the defendant certain goods, and, accompanying his order, sent the following guarantee:

> "OXFORD, NEB., July 18, 1885.
> "*T. F. Indermill, St. Jo, Mo.:*
> DEAR SIR—Please ship goods ordered by T. E. McLain; we will guarantee payment of first order upon receipt of goods.
> "Yours, etc.,
> "OXFORD BANK,
> "*Per M.*"

Relying upon this guaranty, the defendant shipped goods to McLain of the alleged value of $142. McLain

paid on this bill $60. McLain also claims that some portions of the goods did not conform to the order, but his testimony is neither clear nor definite. On the trial of the cause in the court below judgment was rendered against the guarantor.

A pretty careful examination of the evidence convinces us that the judgment of the court below is right, and that no other judgment should have been rendered on the testimony. The testimony of McLain is contradicted by his own letter ordering the goods, and evidently is incorrect. If the goods were not of the kind ordered they should have been returned, but having been retained they must be paid for.

A number of letters of the defendant in error to the guarantor are in the record, which were written in an aggressive, belligerent tone, well calculated to provoke resentment. The right of the defendant in error to payment for the goods, however, is clear, under the proofs.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

The other judges concur.